IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY HOLMES, on her own behalf and as Special Administrator of the Estate of RONALD JOHNSON III, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 14-CV-8536<br>)<br>) Judge Chang |
| v. | )<br>) Magistrate Judge Schenkier |
| OFFICER GEORGE HERNANDEZ (Star # 16231), individually, and the CITY OF CHICAGO | )<br>) JURY DEMAND<br>) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, DOROTHY HOLMES, by and through her attorneys, Erickson & Oppenheimer, complaining against the Defendant, Officer Hernandez, individually, and the City of Chicago, as follows:

**INTRODUCTION**

1) This action, arising out of the death of Ronald Johnson III ("Decedent"), is brought pursuant to 42 U.S.C. §1983 to address deprivations of Decedent's rights under the Constitution of the United States.

**JURISDICTION**

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**VENUE**

1

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) The Plaintiff, Dorothy Holmes, is the mother of the Decedent and a resident of Chicago, Illinois.

5) The Defendant, Officer Hernandez, was at all relevant times a duly appointed police officer of the City of Chicago and at all relevant times was acting within his scope of employment and under color of law.

## FACTS

6) On or about October 12, 2014, Johnson was in the area of the 5300 block of South King Drive in Chicago, Illinois.

7) Thereafter, without lawful justification or excuse, Defendant Hernandez fired at the Decedent, striking and killing Johnson.

8) Said actions of Defendant Hernandez were intentional, willful and wanton and/or committed with reckless indifference and disregard for Decedent's rights.

9) Said actions of Defendant Hernandez were objectively unreasonable under the circumstances.

## COUNT I—EXCESSIVE FORCE (Section 1983)

10) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

11) The actions of Defendant Hernandez as set forth hereto constitute excessive force against Decedent, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

12) As a direct and proximate consequence of Defendant Hernandez' conduct, the Decedent suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

 **WHEREFORE**, the Plaintiff prays for judgment against Defendant Hernandez, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II– BATTERY (state law claim)

13) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

14) The conduct of Defendant Hernandez resulted in offensive physical contact with the Decedent made without his consent, thus constituting battery under Illinois law.

15) Defendant Hernandez' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

 **WHEREFORE**, the Plaintiff prays for judgment against Defendant Hernandez, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III—WRONGFUL DEATH (state law claim)

16) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

17) The actions of Defendant Hernandez as set forth hereto caused the wrongful death of the Decedent, in violation of ILCS 740 180/1 et seq.

18) Defendant Hernandez' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

19) As a result of Defendant Hernandez' conduct, the Estate has suffered injury, including without limitation incurring medical and/or funeral expense and the loss of society and companionship.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Hernandez for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT IV—SURVIVAL ACTION (state law claim)

20) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

21) After the Decedent was shot, he survived for a period of time during which he experienced conscious pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Hernandez for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT V—FAMILY EXPENSE ACT (state law claim)

22) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

23) As a direct and proximate cause of Defendant Hernandez' actions which caused the death of the Decedent, Plaintiff Dorothy Holmes, as mother of the deceased, Ronald Johnson III, has been obligated to incur financial expenses including without limitation funeral and burial costs.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Hernandez for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT VI—INDEMNIFICATION

24) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

25) At all relevant times, Defendant City of Chicago was the employer of Defendant Hernandez.

26) Defendant Hernandez committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

27) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28) As a proximate cause of Defendant Hernandez' unlawful acts, which occurred within the scope of his employment, Plaintiff was injured.

**WHEREFORE**, should Defendant Hernandez be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VII—*RESPONDEAT SUPERIOR*

29) Each of the paragraphs above is incorporated by reference as though fully stated herein.

30) In committing the acts alleged in the preceding paragraphs, Defendant Hernandez was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment and under color of law.

31) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should Defendant Hernandez be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
118 S. Clinton, Suite 200
Chicago, IL 60661
312-327-3370