**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1**
**Eastern Division**

Percy Coleman
                Plaintiff,

v.                                    Case No.: 1:12−cv−10061
                                       Honorable Matthew F. Kennelly

The City of Chicago, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, April 4, 2014:

    MINUTE entry before the Honorable Matthew F. Kennelly: This case involves claims that the defendant police officers used excessive force upon Philip Coleman and that he died as a result. The incident in question apparently happened in a Chicago Police Department lockup. Video cameras in the lockup captured portions of the incident and surrounding events, and the video recordings have been produced to plaintiff during the course of discovery. Defendants designated them as confidential pursuant to a protective order that the Court previously entered. Plaintiff has asked the Court to disallow the confidentiality designation. The Court denies the motion, without prejudice to renewal. At this point, the videos are simply materials that have been produced in discovery; they have not been offered in connection with any dispute regarding the merits of the case. Thus there is no presumption in favor of public access. *See, e.g., Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013); *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). Indeed, as a general rule, the public has no right of access to unfiled discovery. *See, e.g., Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). The Court finds that there is good cause to maintain, for the time being, defendants' confidentiality designation. The videos depict persons (including other prisoners) who are not parties to the case and some whose status is unclear to the Court. Because the case is still in the discovery phase, and the videos have not been presented to the Court to resolve disputed matters, the privacy interests of these persons outweighs any interest plaintiff might have in making the videos public. Plaintiff has offered no good reason to remove the confidentiality designation at this time. Plaintiff may renew his request if and when the videos are submitted to the Court in connection with some decision regarding the merits of the case that the Court is called upon to make or at trial. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1**
**Eastern Division**

Linda C Chatman

                Plaintiff,

v.                                       Case No.: 1:13−cv−05697
                                              Honorable Robert W. Gettleman

City Of Chicago, et al.

                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, February 25, 2014:

      MINUTE entry before the Honorable Geraldine Soat Brown: Status hearing held. Motion hearing held. Plaintiff's Motion to Compel [31] is entered and continued to 3/25/14 at 9:45 a.m. Defendant City of Chicago agrees that it will produce the police reports surrounding the incident as well as the documents from the IPRA file currently in the City's possession no later than 2/28/14, and will produce the remaining documents from the IPRA file as the City receives them. For the reasons stated on the record, Defendants' Motion for Protective Order [34] is granted. The three videos in the City's custody shall be provided to Plaintiff's counsel by 2/28/14, and be held by Plaintiff's counsel "attorneys eyes only." However, Plaintiff's counsel may display the videos to the counsel of record for the defendants in the underlying criminal case. Defendants' Motion for Order on Decedent's Juvenile Records [36] is taken under advisement. Plaintiff's response shall be filed by 3/18/14. Defendants' reply shall be filed by 4/1/14. No later than, 2/26/14, Defendants' counsel shall supplement their motion by submitting the order entered by Judge Brooks. Notices mailed by Judicial Staff. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.